HENRY BINGER

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Criminal Law—Elections—Indictment under Sec. 86, Ch. 46, R. S.—Contents of—Alteration of Ballots—Election of Town Officers—Application of General Laws.*

1. An indictment charging the defendant, as judge of an election, with having altered and defaced ballots legally voted at such election, need not contain the names of the electors whose ballots are alleged to have been altered.

2. The mere fact that a name on a ticket is scratched raises no presumption against a judge of the election that he made the erasure.

3. It is no objection to such an indictment that the defendant is charged therein as a judge of election at an election for township officers. The general laws of the State apply to elections for town officers at elections held under the Township Organization Act.

4. In the case presented it is held that the evidence does not show the defendant to have been a "legally qualified judge of election," another person having been chosen moderator of the town meeting.

[Opinion filed November 24, 1886.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM P. BRADSHAW, for appellant.

Mr. GEORGE F. McNULTY, for appellees.

GREEN, J. Appellant was indicted by the grand jury of Madison County for an alleged violation of the provisions of Chap. 46, Rev. Stat. 1883, entitled "Elections," and, waiving a jury, was tried by the court, found guilty, and a fine of $200 imposed. The court entered judgment for the amount of fine and costs, to reverse which judgment this appeal was taken. The indictment in substance charged that defendant, while being a legally qualified and acting judge of election, at an election held in the township of St. Jacob, in said Madison County, for the election of certain township officers of said township, as such judge of election did fraudulently, corruptly, wilfully and illegally alter and deface certain ballots legally voted at such election, by drawing a pencil mark on each of said ballots through the name of Jacob Schroth, then and there a candidate at such election for the office of township Assessor, with the intent of depriving such electors from voting for said Jacob Schroth for said office at said election, as they intended to do. This prosecution is based upon the 6th clause of Sec. 86, of said Chap. 46, which provides: "If any judge of any election shall be guilty of any fraud, corruption, partiality, or manifest misbehavior, the penalty, on conviction, shall be a fine not exceeding $1,000, or imprisonment in the county jail not exceeding one year, or both, in the discretion of the court." A motion to quash the indictment was interposed on behalf of defendant in the court below, but the court overruled the motion, and this decision is one of the errors assigned. The indictment is said to be bad for the reason the names of the electors are not given, whose ballots are alleged to have been altered and scratched, and that defendant should have been informed by the indictment who they were, in order that he might have an opportunity to prove, by the voter himself, that he altered or scratched the ballot, and voted it as it appeared when can-

vassed.   There is no force in this objection.   The mere fact
that a name on a ticket is scratched raises no presumption
against a judge of election that he made the erasure.   Nor
did the omission of the names work defendant any injury or
abridge the measure of proof necessary to convict.   The
wrongful and corrupt act must be proven as alleged, notwith-
standing such omission.

It is also urged as another objection to the indictment that
defendant is charged therein as a *judge of election* at an elec-
tion *for township officers;* that an *election* for such purpose
is unknown to the law, but a *town meeting* to select town-
ship officers, and not an election, is provided for by the stat-
ute, Chap. 139, Rev. Stat. 1874, title "Township Organiza-
tion," and that under this statute such officers, as judges of
election, are unknown.   An examination of this statute will
demonstrate that an election for town officers is provided by
Sec. 1, article 7, and by Sec. 3, same article.   The moder-
ator so chosen shall have the same power and be subjected
to the same penalties as other judges of election.   It clearly
appears such an officer as judge of election is known under
the statute, and if guilty of such official malfeasance as is
charged in said indictment would, as a judge of election, be
subject to punishment for such offense under the act upon
which this prosecution is based; but to remove all doubt on
this question, Sec. 8 of said article 7, "Township Organ-
ization Act" provides:   "The general laws of the States in
regard to elections and qualifications of voters shall apply to
all elections to be held under this act.   *   *   *"   Now the
only elections to be held under that act are for township offi-
cers, or for adopting or discontinuing township organization;
and the general law which shall apply thereto is Chap. 46,
entitled "Election."   The intent and purpose of this section is
(among other things) to subject judges of elections held under
said Township Organization Act, and voters at such elections,
subject to the operation and effect of the provisions of said
Chap. 46.   If this Sec. 8 and the other statutes cited do not
bear the construction we have placed upon them, then in this
State we are without a statute under which illegal voting at

an election for township officers, or official misconduct of judges of such election, can be punished. Satisfied with the construction we have given these various clauses of the statute, we hold the indictment good, and the court below properly overruled the motion to quash.

We are obliged, however, to reverse the judgment because the proof fails to establish the material allegation that defendant was "a legally qualified judge of election," but on the contrary it appears from the evidence a person other than himself was chosen moderator, acted as such, and thus became judge of the election; hence defendant was not and could not have been legally qualified to act as a judge of such election, and while he might be estopped from denying this, if he had acted in that capacity at an election when he could by law have been such judge while another lawfully chosen was acting as such, this was not the fact here. We think the proof shows that defendant wilfully mutilated ballots at said election, and had the grand jury indicted him as an individual for a violation of Sec. 93, Chap. 46, he would have been liable and could have been punished. The judgment is reversed.

*Reversed.*